**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Jack David PIPER, Jr.,
Defendant–Appellee.**

Nos. 89–30325, 89–30326.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1990.

Decided Nov. 9, 1990.

Jerald E. Olson, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellant.

Michael G. Martin, Chief Asst. Federal Public Defender, Seattle, Wash., for defendant-appellee.

Before WRIGHT, SCHROEDER and NORRIS, Circuit Judges.

PER CURIAM:

Appellee pled guilty to one count of possessing a controlled substance with intent to distribute. Relying on this court's decision in *United States v. Restrepo*, 883 F.2d 781 (9th Cir.1989) (*Restrepo I*), the district court refused to consider conduct not charged in determining appellee's sentence, both as to the offense level and as to the determination of appellee's acceptance of responsibility. The government appealed.

■ After the government's first brief was filed, but before appellee's brief, the opinion in *Restrepo I* was withdrawn and reissued as *United States v. Restrepo*, 903 F.2d 648 (9th Cir.1990), *reh. granted en banc*, 912 F.2d 1568 (*Restrepo II*). The new incarnation of *Restrepo* makes clear that conduct other than that of which a defendant was convicted may be considered in calculating the offense level of a distribution charge, if it is part of the same course of conduct as the crime of conviction. Uncharged conduct must be proved by evidence of a sufficient weight "to convince a reasonable person of the probable existence of the enhancing factor." *Restrepo II*, at 654–55.

Appellee urges us to adopt the more stringent clear and convincing standard of proof for conduct that is not charged. He urges that *Restrepo II* determined that the lower preponderance of the evidence standard is appropriate only for conduct that is charged, and therefore has already passed the test of convincing a grand jury. The reasoning of *Restrepo II* does not support such a distinction.

■ The government also argues that the district court erred in failing to consider evidence of defendant's continuing criminal conduct with respect to his acceptance of responsibility. We have recently made clear that evidence of continuing criminal conduct may be considered. *United States v. Cooper*, 912 F.2d 344 (9th Cir.1990). Therefore, the district judge did err in refusing to consider such evidence.

■ The government also argues that the district court erred in failing to consider the defendant's denial of responsibility for conduct of which he was not convicted. We are concerned that conditioning a U.S. S.G. § 3E1.1 reduction on admissions of responsibility for conduct of which a defendant was not convicted could violate his Fifth Amendment rights. We have previously held that Fifth Amendment considerations should guide us in construing § 3E1.1. *United States v. Watt*, 910 F.2d 587 (9th Cir.1990). Mere assertion of a Fifth Amendment right to remain silent, on the other hand, cannot be grounds for a more lenient sentence; some evidence of contrition is required. *United States v. Skillman*, 913 F.2d 1477 (9th Cir.1990). We agree with the Tenth Circuit that a defendant may be entitled to a § 3E1.1 reduction without being required to confess to unproved, uncharged conduct. *United States v. Rogers*, 899 F.2d 917, 924 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 113, 112 L.Ed.2d 83 (1990).

In *United States v. Perez–Franco*, 873 F.2d 455, 459 (1st Cir.1989), the First Circuit found clear error when a district court conditioned the acceptance of responsibility reduction on a defendant's acknowledgment of responsibility for conduct alleged in all the counts of an indictment, even those counts that were dismissed. The First Circuit's reasoning in *Perez–Franco* was explicitly rejected by *United States v. Gordon*, 895 F.2d 932 (4th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 131, 112 L.Ed.2d 98 (1990); *United States v. Munio*, 909 F.2d 436 (11th Cir.1990), and *United States v. Mourning*, 914 F.2d 699, 701 (5th Cir.1990). The Second, Tenth, and Sixth circuits, however, have endorsed *Perez–Franco*. *United States v. Oliveras*, 905 F.2d 623 (2nd Cir.1990); *Rogers*, 899 F.2d 917 (dicta); *United States v. Guarin*, 898 F.2d 1120 (6th Cir.1990) (dicta).

We have not yet directly addressed the question posed by *Perez–Franco*, although our decision in *Cooper* bears on it. *Cooper*, 912 F.2d at 346–48. In *Cooper*, evidence obtained after the entry of a guilty

plea but before sentencing indicated that the defendant's criminal conduct continued after the time the defendant accepted responsibility and said that her criminal activity had stopped. We held the sentencing court could properly conclude that the acceptance of responsibility was not sufficiently credible. The holding of *Cooper,* however, is limited to the use of evidence of ongoing criminal activity as it bears on the truth of the defendant's statements. *Cooper* allows a district court to consider evidence of continued criminal activity, "about which [the defendant] dissembled, to belie her acceptance of responsibility *for the offense of conviction.*" 912 F.2d at 348 (emphasis in original).

Whereas evidence of continued criminal activity may be used to cast doubt on a defendant's sincere acceptance of responsibility *for the offense of conviction,* we agree with *Perez–Franco* that a defendant may controvert evidence of other criminal conduct at sentencing without thereby losing the reduction for acceptance of responsibility. To merit such a reduction, a defendant must show contrition for the crime of which he was convicted, but he need not accept blame for all crimes of which he may be accused.

The sentence is VACATED and the case is REMANDED for resentencing in light of *Restrepo II.*