944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Georgette LATTIMORE, Defendant-Appellant.
 No. 91-10070.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1991.*
Decided Sept. 24, 1991.
 
 1
 Before CANBY and KOZINSKI, Circuit Judges, and CARROLL** District Judge.
 
 
 2
 MEMORANDUM***
 
 I. FACTS
 CARLOS
 
 3
 Georgette Lattimore was arrested for mail fraud after placing false and misleading advertisements in newspapers and magazines which were circulated by the United States Postal Service. The ads gave false assurances about Lattimore's business, Nanny Network. Lattimore admits that she collected fees for baby-sitter services she never intended to provide, and that in other instances where she did provide a sitter, she intentionally failed to pay the sitter the collected fee. At the time that Lattimore ran the fraudulent Nanny Network, she was out on bail pending self-surrender on a previous nine-count mail and wire fraud charge to which she had also pleaded guilty.[1] In the present case, Lattimore was charged with and pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341.
 
 
 4
 After denying Lattimore's request to award a two-level reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines, the district court sentenced Lattimore to a term of thirty months imprisonment, three years of supervised release, a special assessment of $50, and restitution of $2,602. Lattimore appeals her sentence, contending that the district court erred by refusing to grant the two-level reduction for acceptance of responsibility. We affirm.
 
 II. DISCUSSION
 
 5
 Section 3E1.1 of the Sentencing Guidelines provides that a defendant may be entitled to a two point reduction in his sentence if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." This determination is a factual one subject to the clearly erroneous standard of review. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). In addition, the Commentary to § 3E1.1 emphasizes that:
 
 
 6
 [t]he sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference and should not be disturbed on review unless it is without foundation.
 
 
 7
 Application Note 5.
 
 
 8
 The district court disbelieved that Lattimore accepted responsibility for her criminal conduct in light of the fact that Lattimore committed the crime while on pretrial release for a similar crime (for which she had received the two point acceptance of responsibility reduction). Lattimore argues that this fact is irrelevant to a determination of whether she accepted responsibility for the more recent crime.[2] The government, on the other hand, argues the relevancy of this fact and offers United States v. Cooper, 912 F.2d 344 (9th Cir.1990), as support for the district court's determination.
 
 
 9
 In Cooper, the district court refused to grant the two-level reduction for acceptance of responsibility where the defendant, after pleading guilty, engaged in additional criminal behavior.[3] We held that the district court's interpretation, that acceptance of responsibility includes refraining from any violations of the law, is not without foundation in the Guidelines. It is true that the facts we are presented with here differ from those in Cooper in that Lattimore's other criminal conduct preceded the crime for which she is appealing her sentence. Nevertheless, it was reasonable for the district court, when viewing the similarity of Lattimore's two crimes, to conclude that Lattimore's continuing criminal behavior indicated that she had not "clearly demonstrate[d] a recognition and affirmative acceptance of personal responsibility for [her] criminal conduct."
 
 
 10
 Moreover, the Guidelines' Application Notes, which provide the district court with seven factors to consider when determining whether a defendant qualifies for acceptance of responsibility, are further support for the district court's determination. Lattimore did not voluntarily terminate or withdraw from criminal conduct or association; she ceased criminal conduct only after arrest. See Sentencing Guidelines § 3E1.1, Application Note 1(a). She did not make voluntary payment of restitution prior to adjudication of guilt. See id., Application Note 1(b). Lattimore did not voluntarily and truthfully admit to authorities that she had intentionally defrauded Nanny Network employees and customers; she did not acknowledge at the time of her arrest that she had obtained any materials by fraud or had defrauded Nanny Network customers.[4] See id., Application Note 1(c). Lattimore did not voluntarily surrender to authorities after committing the offense. See id., Application Note 1(d). Nor did she give voluntary assistance to the authorities in recovering the fruits of her fraud; she told the arresting officers that she was not going to aid in their attempts at recovery unless they made her some promises. See id., Application Note 1(e). Lattimore did not resign from her position at Nanny Network; she continued to run Nanny Network until she was arrested. See id., Application Note 1(f). Lattimore was not forthcoming in accepting responsibility; she did not fully accept responsibility until after the initial presentence report. See id., Application Note 1(g).
 
 III. CONCLUSION
 
 11
 The Sentencing Guidelines provide that the sentencing judge is entitled to great deference in determining whether a defendant deserves a reduction for acceptance of responsibility. The district court's refusal to grant a reduction is supported by the record and is not precluded by the Guidelines. Because the district court's determination is not clearly erroneous, we affirm.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(a)
 
 
 **
 The Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Lattimore had received acceptance-of-responsibility credits for the first conviction
 
 
 [2]
 In her reply brief, Lattimore argues that because the trial judge said, "I think we have to weigh in the balance" Lattimore's bail status at the time of her offense, the judge believed that he was compelled to deny the reduction for acceptance of responsibility. We do not so interpret the trial judge's comment. It is clear that he knew that he was engaged in a discretionary weighing of factors
 
 
 [3]
 The second crime was in no way similar to the first
 
 
 [4]
 On appeal, Lattimore argues that to require her to admit to a crime in order to be eligible for an acceptance-of-responsibility reduction violates her Fifth Amendment rights. We have stated, however, that a "[m]ere assertion of a Fifth Amendment right to remain silent ... cannot be grounds for a more lenient sentence; some evidence of contrition is required." United States v. Piper, 918 F.2d 839, 841 (9th Cir.1990). In Piper, we noted that a defendant may be entitled to a § 3E1.1 reduction without being required to confess to uncharged conduct. Lattimore, however, is claiming that she should be entitled to a reduction without being required to confess to charged conduct. Neither the Guidelines nor case law support her claim