951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick Douglas STOVER, Defendant-Appellant.
 No. 91-10170.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 26, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Douglas Stover appeals his sentence, following a conviction on a guilty plea, for aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(c), 2245(2)(B) and 1152. Stover contends that the district court erred by (1) denying his request to award a two point reduction of his offense level for acceptance of responsibility pursuant to section 3E1.1 of the United States Sentencing Guidelines, and (2) enhancing his Guidelines offense level for abuse of a position of trust pursuant to section 3B1.3. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 I. Acceptance of Responsibility
 
 3
 "Whether or not a defendant has accepted responsibility for his crime is a factual determination we review for clear error." United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991).
 
 
 4
 "The Guidelines allow a two-level reduction in the defendant's total offense level if the 'defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct.' " United States v. Brady, 928 F.2d 844, 847 (9th Cir.1991) (citing U.S.S.G. § 3E1.1(a)). "[S]ection 3E1.1 does not require a reduction as a matter of right whenever a defendant pleads guilty." United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991); U.S.S.G. § 3E1.1(c). A defendant must sincerely manifest remorse or contrition to receive a reduction for acceptance of responsibility. Ramos, 923 F.2d at 1360. When the district court declines to follow a recommendation for the reduction in the presentence report, the "court should ... articulate[ ] its reasons and justifications for denying the § 3E1.1 reduction, should ... notif[y] the defendant before the sentencing hearing of these tentative findings, and should ... [hold] a hearing on the acceptance of responsibility issue." Brady, 928 F.2d at 848.
 
 
 5
 Here, the district court declined to follow the presentence report's recommendation that Stover be given a two-level acceptance of responsibility reduction. The district court stated the following reasons for denying the adjustment:
 
 
 6
 [Stover's] efforts to justify or rationalize some of this as different social mores or standards, at least to rationalize in his own mind and comment that there was a willingness of the children to participate, and that it was their decision to do these things, or permit him to do these thing. That [sic] he wasn't hurting anyone, in a strict sense. That [sic] the children were sexually advanced.... I don't find from my viewpoint of it what I consider to be any sincere remorse or contrition ... (ER at 106-107).
 
 
 7
 Although the district judge did not give Stover did notice before the hearing of his intent to deny the two-level reduction, he gave Stover an opportunity to present additional information and argue for the reduction before making his final ruling.
 
 
 8
 Thus, although the Stover did not receive prior notice of the district judge's intention to deny the reduction, the district judge articulated his reasons and justifications for denying the section 3E1.1 reduction and held a hearing on the acceptance of responsibility issue. Cf. Brady, 928 F.2d at 848. Because the record on the issue is clear, we "defer to a trial court's acceptance of responsibility determination...." See id. Therefore, the district court did not clearly err by determining that Stover was not entitled to a downward adjustment for acceptance of responsibility.[1] See id.; Ramos, 923 F.2d at 1361.
 
 II. Abuse of Position of Trust
 
 9
 We review de novo whether or not a defendant has abused a position of trust within the meaning of the Guidelines. United States v. Foreman, 926 F.2d 792 (9th Cir.1990).
 
 
 10
 The Guidelines require a two-level upward adjustment of a defendant's base offense level "[i]f the defendant abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3 (1991). "[T]he primary trait that distinguishes a person in a position of trust from one who is not is the extent to which the position provides the freedom to commit a difficult-to-detect wrong." United States v. Hill, 915 F.2d 502, 506 (9th Cir.1990).
 
 
 11
 Here, Stover was an elementary school teacher in a small community. Children were allowed to associate with Stover freely because of his role as a teacher. Parents entrusted the children to a professional system to "enhance their education and way of life" (ER at 61). Nevertheless, Stover sexually abused children from his school in his apartment and instructed them to keep it a secret.
 
 
 12
 Because Stover was an elementary school teacher he gained the public trust of the community to associate freely with the young children. Thus, a trust relationship was established. See Hill, 915 F.2d at 506-507. Stover concealed the sexual abuse of the children by conducting the improper activities in his apartment and instructing the children not to tell. Thus, it was nearly impossible for the parents to detect the improper activities, since Stover had "unwatched and exclusive control" over the children for blocks of time. See id. Therefore, the district court did not err by determining that Stover was entitled to a two level increase for abuse of trust. See Hill, 915 F.2d at 508; U.S.S.G. § 3B1.3.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stover also argues that the district court used impermissible reasons in rejecting the two point reduction. Stover initially raised the possibility of an insanity defense following his arrest, but later withdrew it. Stover contends that the district court relied on his proposed insanity defense as a way to negate any acceptance of responsibility, but the district court clearly stated that the proposed insanity defense was not the reason for the denial of the two point reduction (ER at 107)
 Stover also contends that the district court relied on his past employment history and his admissions of past improper conduct with minor females. A "defendant may be entitled to a [section] 3E1.1 reduction without being required to confess to unproved, uncharged conduct." United States v. Piper, 918 F.2d 839, 840 (9th Cir.1990). Here, the district court stated "[w]hat ... [Stover] said is a matter of record and I have recounted some of [it] ... to refresh the record's recollection" (ER at 109). Nonetheless, although Stover did not have to accept blame for all crimes of which he was accused, he did have to show contrition for the crime underlying his conviction. See id. Because the district court determined that Stover did not show contrition for the instant offense, we need not address the uncharged alleged conduct. Cf. Piper, 918 F.2d at 841.