972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Willis FENDLEY, Defendant-Appellant.
 No. 91-50560.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 24, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Fendley appeals from his sentence, imposed following a guilty plea, for sexual exploitation of a minor in violation of 18 U.S.C. § 2251. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Fendley was originally sentenced on December 18, 1989. He appealed, alleging five errors. Among other issues, Fendley contended that the district court had erred by denying him a two-level reduction in his offense level under the United States Sentencing Guidelines because he had accepted responsibility for his actions as contemplated by U.S.S.G. § 3E1.1. We affirmed on four of the five grounds but vacated the sentence and remanded for the district court to clarify its ruling on whether Fendley had accepted responsibility for his actions. On resentencing, the district court again found that Fendley had not sufficiently accepted responsibility and reimposed the same sentence, 70 months incarceration.
 
 
 4
 In the instant appeal, Fendley again contends that the district court erroneously denied him a downward adjustment under section 3E1.1 because he refused to admit conduct for which he was not convicted. We review for clear error the district court's finding that a defendant has not accepted responsibility for his offense. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 
 
 5
 The Guidelines instruct the district court to reduce a defendant's offense level by two levels if it finds that the defendant has affirmatively accepted responsibility for his offense. U.S.S.G. § 3E1.1; Ramos, 923 F.2d at 1360. "In this circuit, a criminal defendant is entitled to a reduction for acceptance of responsibility under the guidelines even if he does not admit culpability for crimes to which he does not plead guilty." Ramos, 923 F.2d at 1360; United States v. Piper, 918 F.2d 839, 840-41 (9th Cir.1990) (per curiam). Nonetheless, a defendant must affirmatively display "sincere contrition" for the offense of conviction, Ramos, 923 F.2d at 1360, and the district court may deny the adjustment to a defendant it finds in "a state of denial as to some of the reasons for his involvement," United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 6
 Here, Fendley pleaded guilty to an offense that included photographing the victim for purposes of sexual exploitation, but did not necessarily involve touching her in a sexually gratifying manner. Fendley denies that he molested the victim by touching her. In our earlier disposition, we stated that "[i]t is unclear from the transcript of the sentencing hearing whether the court denied a reduction for acceptance of responsibility because Fendley's denial that he touched the victim belied his statement that he was 'sorry' for [the offense of conviction]." United States v. Fendley, No. 90-50085, 1991 U.S.App. LEXIS 4846, (9th Cir. March 20, 1991). We directed the district court to make express findings addressing this issue.
 
 
 7
 At the resentencing hearing, the district court clearly stated that it had not relied on Fendley's alleged touching of the victim at all in denying the reduction for acceptance of responsibility. The district court quoted the probation officer's report of Fendley's account of the offense:
 
 
 8
 [H]e advised that although he was wrong in taking the photographs of the victim, in this matter he believed himself to be entrapped by Government agents. He was indignant that he, a disabled Vietnam vet, could be railroaded by the Government that he fought so proudly for during the war.
 
 
 9
 (RT 7/10/91 at 19). The district court also noted that Fendley had claimed to have taken the photographs to include in a collage entitled "Womankind: A Tribute" and that in his written statement to the court, he had said, "I would like to apologize to the Court for getting involved in this crime, but I know myself well enough to know that I would not have done this crime if I'd not been led astray by Government informants" (id. at 20-21). The district court found:
 
 
 10
 [U]nder the circumstances, I just can't find that he accepted responsibility, for all the reasons that were stated....
 
 
 11
 He never could truly admit that he took sexually graphic photographs of a young child. I mean, he really couldn't admit that. He basically would kind of come up to the end and retreat, and blame it on the war, the Government entrapment, and methamphetamine, and that's the problem. I mean, that's the problem with the acceptance.
 
 
 12
 So, under the circumstances, I find that the denial was appropriate.
 
 
 13
 (RT 7/10/91 at 23). This finding was not clearly erroneous. See Ramos, 923 F.2d at 1360; Corley, 909 F.2d at 362.
 
 
 14
 Fendley also raises again the four contentions which we rejected in his first appeal. These issues fall outside the scope of our remand to the district court and constitute the law of the case. "The rule is that the mandate of an appeals court precludes the district court on remand from reconsidering matters which were either expressly or implicitly disposed of upon appeal." United States v. Miller, 822 F.2d 828, 832 (9th Cir.1987). Although the law of the case may be reconsidered "to correct a manifest injustice," see id., Fendley has made no such showing and we decline to consider his remaining contentions.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3