996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre MANNING, Defendant-Appellant.
 No. 91-50151.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 15, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Andre Manning timely appeals from his sentence following a jury conviction for possession with intent to distribute and distribution of phencyclidine ("PCP") in violation of 21 U.S.C. § 841(a)(1). Appellant contends the district court erred in denying him a two level reduction for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Appellant was indicted with one count of conspiracy to distribute and to possess with intent to distribute PCP [21 U.S.C. §§ 841(a)(1) and 846], three counts of possession with intent to distribute PCP [21 U.S.C. § 841(a)(1) ], and three counts of distribution of PCP [21 U.S.C. § 841(a)(1) ]. The government subsequently dismissed the conspiracy count, one count of possession with intent to distribute PCP, and one count of distribution of PCP. The jury convicted appellant of two counts of possession with intent to distribute PCP and two counts of distribution of PCP.
 
 
 4
 Following the verdict, the United States Probation Department prepared a presentence report in which it summarized an interview with appellant:
 
 
 5
 The defendant contends this case arose when one of his friends, the confidential informant (CI), asked the defendant if he knew where to obtain PCP for his cousin in New York. The defendant recalled he was aware that Jones dealt in PCP sales and advised the CI he could provide him with the same. The defendant reports acting as the "go-between" and expecting to profit $500 for each gallon of PCP sold. Accordingly, he acknowledges selling a total of two gallons of PCP on two separate occasions (for Jones) and receiving $1,000 for his role.
 
 
 6
 He essentially acknowledges the allegations set forth in this case as they pertain to his counts of conviction. However, he denies any narcotics dealings prior to the above-noted instances.
 
 
 7
 The presentence report recommended that appellant receive a two level reduction in his base offense level for acceptance of responsibility:
 
 
 8
 Adjustment for acceptance of responsibility: While the defendant does not admit to participation in additional narcotics transactions as described in the conspiracy, he does accept responsibility for participation in the offenses of conviction. Therefore, a two-point reduction is warranted pursuant to Section 3E1.1 of the guidelines.
 
 
 9
 At the sentencing hearing, the district court declined to reduce appellant's base offense level for acceptance of responsibility. The court stated its decision was not based on the fact that appellant had gone to trial. Rather, the court found that appellant had not demonstrated any remorse for his crimes of conviction. The court declared: "I don't see anything in [the presentence report] that indicates that he was remorseful about his conduct. It indicates to me that he was in this particular business for commercial exploitation."
 
 
 10
 Appellant was given an opportunity to address the district court at the sentencing hearing but declined. Appellant also did not submit any position papers to the court regarding sentencing.
 
 
 11
 The district court sentenced appellant to a term of 327 months to be followed by five years of supervised release based on an offense level of 36. In passing sentence, the district court reiterated its reason for declining to reduce appellant's offense level for acceptance of responsibility stating "the defendant has acknowledged wrongdoing, insofar as it pertains to his offenses of conviction, however, he has not attempted to express any remorse and his nonchalant manner is a further indication of his lack."
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 12
 The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 13
 Whether or not a defendant has accepted responsibility is a factual determination reviewed for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). The district court's determination on this issue is entitled to great deference and will not be disturbed unless it is without foundation. Id.
 
 III.
 DISCUSSION
 
 14
 Section 3E1.1(a) of the Sentencing Guidelines allows for a two level reduction in the base level of the offense if the defendant clearly demonstrates acceptance of responsibility for his crimes. A district court may deny the reduction if the defendant admits he committed the offense charged but does not exhibit sincere remorse or contrition for having done so. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992).[1]
 
 
 15
 There is foundation for the district court's finding that appellant did not exhibit remorse for the conduct for which he was convicted. The presentence report indicated that appellant acknowledged committing the criminal behavior, but not that he had expressed any remorse. Moreover, appellant declined the opportunity to address the court at the sentencing hearing to correct any misimpressions he thought the court might have had regarding his willingness to accept responsibility. Accordingly, the court did not err in declining to reduce appellant's sentence pursuant to Section 3E1.1(a) of the Sentencing Guidelines.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant is correct in his assertion that a reduction for acceptance of responsibility may not be conditioned on acceptance of responsibility for conduct alleged in counts of the indictment that were subsequently dismissed. United States v. Piper, 918 F.2d 839, 840-41 (9th Cir.1990). Here, however, the statements of the district court clearly demonstrate that the denial of a reduction was based on defendant's lack of remorse