60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Howard WEST, Defendant-Appellant.
 No. 94-10411.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Howard West appeals his sentence following a guilty plea to willful failure to file income tax returns in violation of 26 U.S.C. Sec. 7203. West contends that the district court erred by refusing to grant a two-level reduction in his offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 West contends that the district court erred by failing to grant an adjustment for acceptance of responsibility because the court predicated its decision on uncharged conduct occurring prior to his guilty plea. West asserts that the court's consideration of his failure to admit the uncharged conduct is a violation of his Fifth Amendment right against self-incrimination. West's contention lacks merit.
 
 
 4
 Whether a defendant has accepted responsibility for his crime is a factual determination reviewed for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir. 1990). The determination of the sentencing judge is entitled to great deference on review. United States v. Smith, 905 F.2d 1296, 1301 (9th Cir. 1990); U.S.S.G. Sec. 3E1.1, comment. (n.5).
 
 
 5
 A defendant is entitled to a two level reduction if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). Entry of a guilty plea combined with truthfully admitting the offense, and truthfully admitting or not falsely denying any additional relevant conduct, constitutes significant evidence of acceptance of responsibility. U.S.S.G. Sec. 3E1.1, comment. (n.3). This evidence, however, may be outweighed by conduct that is inconsistent with acceptance of responsibility. Id. "[A] defendant may be entitled to a Sec. 3E1.1 reduction without being required to confess to unproved, uncharged conduct." United States v. Piper, 918 F.2d 839, 840 (9th Cir. 1990) (per curiam). A defendant, however, must show contrition for the crime of which he is convicted. Id. at 841.
 
 
 6
 Here, the district court denied the Sec. 3E1.1(a) reduction based on these undisputed facts: (1) West's continued failure to file tax returns; (2) his continued failure to pay outstanding tax liabilities, despite an ability to pay; and (3) the evasive reasons he gave for failing to file his tax returns. The court did not require West to admit responsibility for any uncharged conduct, in violation of his Fifth Amendment right against self-incrimination. See Piper, 918 F.2d at 840. The district court merely considered this relevant conduct, and determined that West had not accepted responsibility for the offense charged. See U.S.S.G. Sec. 3E1.1, comment. (n.3).
 
 
 7
 West must show some evidence of contrition for the crime of which he was convicted, and he did not. See Piper, 918 F.2d at 841. His guilty plea to the offense did not entitle him to a Sec. 3E1.1 reduction as a matter of right. See U.S.S.G. Sec. 3E1.1, comment. (n.3). Accordingly, we find that the district court's denial of a reduction for acceptance of responsibility was not clear error. See Gonzalez, 897 F.2d at 1019.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3