73 F.3d 371
 76 A.F.T.R.2d 95-8100
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Gail SHERIDAN, Defendant-Appellant.
 No. 95-10072.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Dec. 21, 1995.
 
 Before: CHOY, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Sheridan appeals from his sentence imposed following his guilty plea to one count of submitting a false claim for an income tax refund, arguing that the district court erred in refusing to grant a reduction for acceptance of responsibility because he refused to discuss his conduct regarding a dismissed count, and that he was denied the effective assistance of counsel. The government contends that Sheridan waived his right to appeal as part of the plea agreement, and waived his right not to discuss the dismissed count because he agreed to restitution for that count.
 
 
 3
 Taking the government's argument first, we note that Sheridan reserved the right to appeal a sentence imposed in violation of the law.[1] Because Sheridan's arguments concern the law of this Circuit with respect to the acceptance of responsibility standard, he did not waive his right to appeal.
 
 
 4
 The Application Notes to the guideline for acceptance of responsibility provide that "significant evidence" to establish acceptance of responsibility includes: (1) plea of guilty before trial; (2) truthful admission of the elements of the offense; and (3) truthful admission, or at least no false denial, of "relevant conduct." U.S.S.G. Sec. 3E1.1, comment. (n. 3); United States v. Vance, 62 F.3d 1152, 1159 (9th Cir.1995).
 
 
 5
 Sheridan provided significant evidence of his acceptance of responsibility by pleading guilty before trial and truthfully admitting the conduct comprising the offense of conviction. As to the dismissed count and other relevant conduct, he refused on advice of counsel to discuss the details with the probation officer and throughout the sentencing proceedings, but he did not falsely deny any relevant conduct. The district court cannot consider Sheridan's refusal to discuss the dismissed count or other relevant conduct as evidence weighing against acceptance of responsibility. See United States v. Vance, 62 F.3d at 1157; United States v. LaPierre, 998 F.2d 1460, 1467-68 (9th Cir.1993); United States v. Piper, 918 F.2d 839, 840 (9th Cir.1990); U.S.S.G. Sec. 3E1.1 comment. (n. 1(a)).
 
 
 6
 It was also error for the district court to accept Sheridan's agreement to pay restitution for related conduct, then weigh as evidence against his acceptance of responsibility the refusal to discuss details of that conduct. An agreement to pay restitution is not the same as the disclosure of incriminating facts which waive the privilege against self-incrimination. Sheridan's restitution agreement does not, for purposes of a sentencing adjustment for acceptance of responsibility, compel him to discuss his related conduct, and his silence cannot be weighed as evidence against acceptance of responsibility. See United States v. Vance, 62 F.3d at 1157; United States v. LaPierre, 998 F.2d at 1467-68; United States v. Piper, 918 F.2d at 840. By the same token, the district court cannot weigh as evidence against acceptance of responsibility that defendant's counsel filed an objection to the presentence report. See United States v. Vance, 62 F.3d at 1157.
 
 
 7
 Finally, there is no evidence that Sheridan continued his criminal behavior after he had been taken into custody, or that Sheridan made any statements or exhibited behavior that were inconsistent with acceptance of responsibility, other than his refusal to discuss his related conduct beyond the amount of restitution. Because there is no evidence which could outweigh the significant evidence of acceptance of responsibility, the district court erred in denying Sheridan the two-level reduction for acceptance of responsibility.
 
 
 8
 Based on our review of the materials before us, we reject Sheridan's claim that he was denied effective assistance of counsel and that the court erred in refusing to allow defense counsel to withdraw. We also refuse to remand to a different judge for resentencing. See United States v. Huckins, 53 F.3d 276, 280 (9th Cir.1995).
 
 
 9
 Sheridan's sentence is VACATED, and the case is REMANDED for resentencing, with instructions that Sheridan be given a two-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The plea agreement provides: "Defendant and United States hereby waive any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement, except the defendant reserves the right to appeal a sentence imposed in violation of the law pursuant to Title 18, Section 3742(a)(1)." (emphasis added)