95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Allen TORY, Defendant-Appellant.
 No. 95-50335.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1996.
Decided Aug. 21, 1996.
 
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, Senior District Judge.*
 MEMORANDUM**
 On remand from a prior appeal, United States v. Tory, 52 F.3d 207 (9th Cir.1995), Appellant Mark Allen Tory ("Tory") was resentenced to a term of imprisonment of 84 months. Tory appeals that resentencing on various grounds. We VACATE Tory's amended sentence and REMAND to the district court for resentencing.
 I.
 From January 12, 1993 to March 9, 1993, Tory committed five bank robberies in Ojai, California. On March 26, 1993 a grand jury returned a five count indictment charging Tory with bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Counts one and four charged armed robbery. Counts two, three, and five charged unarmed robbery. Following his arrest, Tory timely advised the government of his intent to plead guilty to all of the robberies, but not for the armed portions of counts one and four. Tory was prepared to enter a guilty plea to the unarmed portions of counts one and four and count three, while the government was prepared to dismiss counts two and five and proceed to trial on the armed portions of counts one and four. Due to the district court's preference, however, a plea was not entered and the case was set for trial. Tory, therefore, pled not-guilty to all counts.
 At trial, Tory admitted to robbing all five banks, but denied ever possessing or using a gun at the time of the robberies. On May 12, 1993, a jury found Tory guilty of armed bank robbery as alleged in count one, and unarmed bank robbery as alleged in counts two, three and five of the indictment. As to count four, which charged Tory with armed bank robbery, the jury found him guilty of the lesser offense of unarmed bank robbery.
 Prior to sentencing, the Probation Office prepared a Presentence Investigation Report ("PSI Report"). The PSI Report assigned Tory one criminal history point for a previous DUI conviction, and included a two-point enhancement for committing the bank robberies while on probation. As a result, the PSI Report recommended Tory, pursuant to the United States Sentencing Guidelines ("Guidelines"), be categorized in Criminal History Category II; that he be assigned a total offense level of 31; and that his sentencing range under the Guidelines be 121 to 151 months.
 On July 21, 1993, Tory filed a "Position of Defendant With Respect to Sentencing Factors Under Seal," in which he argued for a sentence of 30-37 months. Tory requested, among other things, that he be given credit for acceptance of responsibility, and that he receive a downward departure based on aberrant conduct, his background, lack of recidivism, rehabilitation, and/or complex factors or convergence of factors and based on his criminal history being misrepresented.
 On July 26, 1993, Tory was sentenced to a term of 84 months imprisonment on each of counts one through five, such terms to run concurrently. The district court departed downward from the guideline range of 121 to 151 months, based on Tory's "aberrant" conduct.
 In his prior appeal, we affirmed Tory's conviction for counts two through five, reversed his conviction on count one for armed bank robbery, vacated the judgment, and remanded the case for a new trial on count one. We held that: (1) the admission of evidence of a holster and gun belt found in Tory's garage was an abuse of discretion; (2) the district court erred in ruling a bank teller's statements were inconsistent; (3) the district court erred by not allowing Tory to argue that he could not carry a gun in the waistband of his sweatpants while running; (4) the district court abused its discretion in preventing Tory from arguing that an unfavorable inference to the government could be drawn from the government's failure to produce bank surveillance photographs; and (5) the cumulative effect of the errors relating to Tory's armed robbery count deprived him of a fair trial. United States v. Tory, 52 F.3d 207 (9th Cir.1995).
 After remand, the government elected not to retry Tory on count one and dismissed that count. The district court then set the matter for resentencing to be conducted on July 10, 1995. Tory requested the preparation of a new PSI Report, which the government opposed. The district judge stated that he did not need a new PSI Report and directed both counsel to file position papers regarding sentencing.
 On June 30, 1995, the government filed its "Government Memorandum Regarding Resentencing," in which the government argued that the adjusted offense level with the dismissal of count one was 24, with a multiple count adjustment of three levels, for a total offense level of 27.[1] The government proposed that Tory's criminal history remain a category II, with the appropriate sentencing range now being 78 to 96 months. The government urged the court that Tory's previous sentence of 84 months was still appropriate under the Guidelines.
 On July 7, 1995, Tory filed "Defendant's Position Re: Sentencing Factors." Tory calculated his new offense level as 28, based on an adjusted offense level of 24, and a multiple count adjustment of four levels. Tory asked the court to: (1) decrease his offense level by three levels for acceptance of responsibility; (2) reduce his offense level by five additional levels on the grounds of aberrant behavior; (3) adjust his offense level downward by an additional unspecified number of levels based on a "convergence of factors," and (4) depart downwards by an additional unspecified number of levels based on Tory's rehabilitation since his 1993 sentencing. Tory asked the district court to sentence him on the basis of an offense level of 19, which would have resulted in a sentencing range of 33 to 41 months. The district court rejected all of Tory's arguments for a reduced sentence and resentenced Tory to his original term of 84 months. A timely appeal of that sentence was filed on July 12, 1995.
 II.
 A. Acceptance of Responsibility
 Section 3E1.1(a) authorizes a two-point reduction in the base offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense. Guideline § 3E1.1(a) (Nov.1992) (emphasis added). The district court's determination that a defendant is not entitled to a reduction in his offense level for acceptance of responsibility is reviewed for clear error. U.S. v. McKinney, 15 F.3d 849, 852 (9th Cir.1994).
 After being arrested, Tory admitted to robbing all five banks and proceeded to trial simply to contest the weapons allegations in counts one and four. In fact, Tory attempted to plead guilty to the robberies, but because he refused to admit using a firearm, the government elected to proceed to trial. At trial, Tory fully admitted committing the robberies, but continued to deny being armed during their commission. He also expressed remorse for his actions and sympathy for his victims. The original PSI Report denied Tory the reduction for acceptance of responsibility, but only because he continued to deny using a gun.[2]
 At the initial sentencing, the district judge did not grant Tory a reduction for acceptance of responsibility. Although Tory was convicted of armed robbery by the jury, that conviction was overturned on appeal and later dismissed by the government. At resentencing, defense counsel inquired of the court, "Your Honor is refusing to grant an adjustment for acceptance of responsibility?" The Court answered, "Yes, I believe that's right. Wasn't then and it isn't now." We disagree, and find clear error in the district court's refusal to award a reduction in Tory's offense level for acceptance of responsibility.
 In United States v. Piper, 918 F.2d 839, 840 (9th Cir.1990), we held that conditioning an acceptance of responsibility reduction upon the defendant's admission of conduct for which he had not been convicted could violate his Fifth Amendment rights. We stated that although evidence of "continued criminal activity" may be used to "cast doubt on a defendant's sincere acceptance of responsibility," a defendant "may controvert evidence of other criminal conduct at sentencing without thereby losing the reduction for acceptance of responsibility. To merit such a reduction, a defendant must show contrition for the crime of which he was convicted, but he need not accept blame for all crimes of which he may be accused." Id. at 841. (emphasis added). See also, United States v. Perez-Franco, 873 F.2d 455, 459 (1st Cir.1989) (clear error when district court conditioned acceptance of responsibility reduction on a defendant's acknowledging responsibility for conduct alleged in counts that were dismissed from indictment). The Court stated that:
 conduct other than that of which a defendant was convicted may be considered in calculating the offense level ... if it is part of the same course of conduct as the crime of conviction.
 Piper, 918 F.2d at 840.
 The Guidelines relevant conduct provision, § 1B1.3, provides that base offense level and specific offense characteristics shall be determined on the basis of conduct that "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection for that offense." Additionally, "all acts and omissions" that were "part of the same course of conduct or common scheme or plan as the offense conviction" shall be considered for certain offenses of the character described under § 3D1.2(d). However, the counts against Tory do not fall within § 3D1.2(d). As the PSI Report states in Paragraph 30:
 Counts 1 through 5 represent unrelated offense conduct. In accordance with Section 3D1.2, each count is treated as a separate group. While all the offenses demonstrate the same general behavior, robberies are not grouped pursuant to Section 3D1.2(d) and Application Note No. 6.
 Despite the district judge's belief that Tory falsely denied using a gun in the first bank robbery, that conduct is now an uncharged crime that did not occur during the commission of an offense conviction, and is therefore not relevant to determining the base offense level pursuant to § 1B1.3. Following the reasoning of Piper, Tory was penalized by the district judge for refusing to accept blame for an uncharged crime. Additionally, the evidence clearly shows that Tory, at all times after his arrest, accepted full responsibility for the crimes of which he is now convicted. Accordingly, we find clear error in the district judge's refusal to award a reduction for acceptance of responsibility.
 B. Aberrant Behavior
 At Tory's sentencing in 1993, the district judge granted a downward departure of five levels for "aberrant conduct."[3] Tory was sentenced to 84 months, a sentence below the original guideline range in the PSI Report of 121 to 151 months. The Court stated that the grounds for departure were for "aberrant conduct only."
 Generally, a district court may take into account at resentencing "any evidence relevant to sentencing." United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir.1994). Resentencing following a remand is de novo, but the court may not consider post-sentencing conduct or conduct beyond the scope of a limited remand. Id. (citations omitted). Where a sentence exceeds the district court's authority, our practice is to vacate the entire sentence and remand for resentencing. See United States v. Pimentel, 34 F.3d 799 (9th Cir.1994), cert. denied, 115 S.Ct. 777 (1995); United States v. Caterino, 29 F.3d at 1390. In Pimentel, we held that where the scope of the remand had been "expressly limited ... to consideration of a single sentencing issue," the district court was without authority to revisit other issues. Pimentel, 34 F.3d at 800. In Caterino, we held that "unless there is clear evidence" in the remand of either an express or implied limitation on the issues the district court may consider in resentencing, "our general practice ... is to vacate the entire sentence and remand for resentencing whenever we find that a sentence was imposed in excess of the sentencing court's authority." Caterino, 29 F.3d at 1394-95. Tory argues that the government's reliance on this case law is misplaced, because the remand in this case was "limited" and not "general." We disagree.
 First, a remand is presumed to be general and not limited. United States v. Klump, 57 F.3d 801, 803 (9th Cir.1995). Second, our opinion in United States v. Tory, 52 F.3d 207 (9th Cir.1995), stated simply, "The judgment is VACATED and the case is REMANDED for a new trial on count one." The case was not remanded to the district court for a correction of a limited sentencing issue, but rather, was sent back for a new trial on count 1. Once the government dismissed count 1, the district court scheduled the matter for resentencing, and at that time, all parties were free to revisit sentencing issues anew. Following a general remand, the district court was entitled to consider all sentencing factors de novo. Because it is clear that the district court exercised its discretion in declining to grant a downward departure for "aberrant behavior," we have no jurisdiction to review the district court's decision. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 C. Refusal to Order a New Presentence Investigation Report
 We review a district court's decision to dispense with the preparation of a PSI Report for an abuse of discretion. United States v. Whitworth, 856 F.2d 1268, 1288 (9th Cir.1988), cert. denied, 489 U.S. 1084 (1989). Federal Rule of Criminal Procedure 32(b) provides that:
 the probation officer must make a presentence investigation and submit a report to the court before the sentence is imposed, unless:
 (A) the court finds that the information in the record enables it to exercise its sentencing authority meaningfully under 18 U.S.C. § 3553; and
 (B) the court explains this finding on the record.
 At the hearing following remand, Tory requested preparation of a new PSI Report. When the government objected, the district judge stated that he did not need a report and told Tory's attorney that, "You and counsel can calculate the sentencing guideline based upon what's in the report. At the re-sentencing proceeding, the district judge heard argument from both sides and then re-sentenced Tory to his original term of 84 months.
 We agree with the government that no purpose would be served by ordering a new PSI Report. Any new information regarding potentially changed circumstances was covered in the memorandum filed by Tory before re-sentencing, and can be addressed by Tory's counsel on remand. Therefore, we find no error in the district court's refusal to order a new PSI Report and find no reason to order the preparation of a new report at this time.
 III.
 We conclude that the district court erred in refusing to reduce Tory's offense level for acceptance of responsibility. We have no jurisdiction to review the district court's discretionary refusal to grant Tory a downward departure for "aberrant behavior." We find no abuse of discretion in the district court's decision not to order a new PSI Report. Accordingly, we VACATE Tory's amended sentence and REMAND solely for resentencing in accordance with this memorandum. To avoid any further misunderstandings, we explicitly declare that this is a general remand for sentencing.
 Sentence VACATED and REMANDED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government now admits that a calculation of 27 was incorrect, and that the correct offense level, as admitted by Tory is 28
 
 
 [2]
 The PSI Report stated that Tory:
 acknowledged responsibility for committing the offenses to which he was found guilty, with the exception of the weapons allegations in Counts 1 and 4. He essentially reiterated, with the above-mentioned exceptions, the information contained in the case agent's report and confirmed the Indictment filed to be accurate.... the defendant stated that he feels guilty for what he has done. He commented that he feels guilty for what he has done. He commented that he feels particularly sorry for the fear that he caused the victim tellers to experience.
 It further explained that Tory:
 never contested the fact that he committed the robberies in question. He indicated that the only reason the case went to trial was to dispute the allegations of his possession of a firearm in Counts 1 and 4. He expressed remorse for his actions and sympathy for the victim tellers.
 
 
 [3]
 A single act of aberrant behavior may be a mitigating circumstance justifying a downward departure from the applicable Guideline range. See, United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991). In determining whether an offense constitutes a single act of aberrant behavior, the reviewing court looks to the totality of circumstances. United States v. Takai, 941 F.2d 738, 743 (9th Cir.1991)