145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Larry Patrick GUIDRY, Defendant-Appellant.
 No. 97-30330.
D.C. No. CR 97-5212-JET.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1998.
Decided May 5, 1998
 
 1
 Appeal from the United States District Court for the Western District of Washington, Jack E. Tanner, District Judge, Presiding.
 
 
 2
 Before HUG, Chief Circuit Judge, REINHARDT, Circuit Judge, and REED, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Larry Guidry pleaded guilty to charges of possession with intent to distribute marijuana, manufacturing marijuana, and possession of methamphetamine. 21 U.S.C. §§ 841(a)(1) & (b)(1), 844. He appeals the district court's denial of a downward adjustment for acceptance of responsibility and its upward adjustment for reckless endangerment. Because the factors upon which the district court relied in denying the downward adjustment were not inconsistent with Guidry's demonstrated acceptance of responsibility, we conclude that the district court erred in refusing to grant the two-point reduction for such acceptance. We affirm, however, the district court's decision to enhance the offense level on the ground of reckless endangerment pursuant to U.S.S.G. § 3C1.2.
 
 DISCUSSION
 I. Acceptance of Responsibility
 
 5
 Guidry argues that the district court erred in denying him a two-point reduction for acceptance of responsibility. Based on the record before us, we conclude that the district court abused its discretion because the factors it relied upon are plainly not inconsistent with the evidence proffered by Guidry demonstrating that he had accepted responsibility for his offenses.
 
 
 6
 In deciding to deny Guidry a two-point downward adjustment, the district court relied primarily on two factors. First, the court considered Guidry's drug-related conduct, which followed his arrest by the tribal police in 1995, but preceded his federal arrest in 1997. The court concluded that Guidry's activities during this period demonstrated that he had not sincerely accepted responsibility for his conduct.
 
 
 7
 Although a defendant's continuing criminal conduct following arrest can serve as a legitimate basis for denying a downward adjustment under U.S.S.G. § 3E1.1, the criminal conduct in this case occurred before Guidry had been arrested on federal charges. Compare United States v. Cooper, 912 F.2d 344, 348 (9th Cir.1990) (finding that a defendant's criminal conduct, which continued while he was out on bail pending sentencing, demonstrated a lack of acceptance of responsibility). As we noted in United States v. Piper, 918 F.2d 839, 841 (9th Cir.1990) (per curiam), the proper consideration of uncharged, unproven criminal activity is limited "to the use of evidence of ongoing criminal activity as it bears on the truth of the defendant's statements." Thus, only criminal activity that suggests that the defendant's statements of remorse are untrue is relevant for purposes of assessing whether he has sincerely accepted responsibility. Guidry's continued criminal conduct prior to his arrest on federal charges was not inconsistent with his post-arrest acceptance of responsibility and therefore could not provide a basis for discounting the evidence that he had accepted responsibility.
 
 
 8
 Second, the court considered Guidry's failure to surrender readily to the federal authorities as evidence of his lack of acceptance of responsibility. As with his pre-arrest activities, Guidry's resistance at the time of arrest is not inconsistent with his subsequent admission of guilt and his acceptance of responsibility. See United States v. Hopper, 27 F.3d 378, 383 (9th Cir.1994) (explaining that a defendant's conduct that amounted to obstruction of justice was not necessarily inconsistent with the defendant's acceptance of responsibility). Although he did not readily surrender to law enforcement, once he was arrested, Guidry did not engage in any conduct that would undercut his eventual expression of remorse.
 
 
 9
 Furthermore, the district court failed to give any weight to the letter that Guidry wrote to the court. In that letter, he communicated his remorse and accepted responsibility for his actions. The presentence report, upon which the district court relied in making its sentencing determinations, indicated that Guidry had not submitted a written statement. By the time of sentencing, however, Guidry had written the letter to the court expressing his remorse. The district court read the letter prior to sentencing, but continued to defer to the recommendation in the PSR, although the probation office failed to indicate in its addendum to the presentence report that it had received or considered the letter. There is, in fact, nothing in the record to suggest that the letter was not a sincere and credible expression of remorse, or that the probation office thought otherwise.
 
 
 10
 When it denied the two-level reduction, the district court cited no reason for its decision other than the two erroneous factors discussed above. Because neither of these was inconsistent with Guidry's acceptance of responsibility and because Guidry presented significant evidence that he accepted responsibility for his offenses, including the letter he wrote to the court expressing his remorse, he was entitled to a two-point reduction in his offense level pursuant to § 3E1.1. Based on an offense level of 12 and a criminal history category of I, the proper guideline range of imprisonment is 10 to 16 months.
 
 II. Reckless Endangerment
 
 11
 Section 3C1.2 of the guidelines permits a court to add two levels to an offense if, during flight from a law enforcement officer, the defendant recklessly creates "a substantial risk of death or serious bodily injury to another person." U.S.S.G. § 3C1.2. The district court determined that this section was applicable because Guidry created a substantial risk of serious bodily injury when, during his stand-off with law enforcement, he ignited a firecracker and threw it "towards the direction" of the police. In light of the evidence that Guidry had numerous firearms in his house, as well as the possibility that the police who were in front of the house might have mistaken the firecracker for the discharge of a weapon and might have started shooting back, the district court did not clearly err in finding that the reckless endangerment enhancement was appropriate in these circumstances.
 
 CONCLUSION
 
 12
 We conclude that the district court relied on improper factors in denying Guidry a two-level reduction for acceptance of responsibility. Because there was nothing in the record to discredit the substantial evidence he presented showing his acceptance of responsibility, Guidry was entitled to the reduction. We affirm, however, the district court's decision to enhance Guidry's offense level pursuant to the reckless endangerment provision of the guidelines. We remand so that the district court may resentence him within the appropriate guideline range of 10 to 16 months.
 
 
 13
 AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
 
 
 14
 The Mandate Shall Issue FORTHWITH.
 
 
 
 **
 The Honorable Edward C. Reed, Senior United States District Judge for the District of Nevada, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3