**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ramon RIOS–CRUZ, Defendant— Appellant.**

**No. 01–10612.**

**D.C. No. CR–00–01125–JAT.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2002.*
Decided Aug. 20, 2002.

Before KOZINSKI and McKEOWN, Circuit Judges, and FITZGERALD,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

District Judge.**

### MEMORANDUM***

■ Rios–Cruz first argues that the district court abused its discretion by refusing to declare a mistrial after the jury pool was exposed to pro-law enforcement sentiments that a former police officer expressed during voir dire. Shortly thereafter, the district court struck the individual for cause and then gave a textbook curative instruction to the remaining pool about the prohibition against crediting a witness' testimony simply because of his background. Given the district court's appropriate actions, the jury pool was not improperly tainted and the district court therefore did not err in denying Rios–Cruz's motion.

■ Next, Rios–Cruz argues that the district court committed plain error by failing to strike an INS agent's hearsay testimony about incriminating statements made by his collaborators. The district court, however, sustained Rios–Cruz's objection to the testimony, thereby excluding it from the evidentiary record, and we therefore conclude that the district court did not commit any error in according Rios–Cruz the very relief that he had requested.

■ Rios–Cruz also argues that the district court erred in denying his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Evaluating the evidence of record in the light most favorable to the government, we readily conclude that a reasonable jury could have found that Rios–Cruz, a citizen of Mexico, violated 8 U.S.C. § 1326 by reentering the United States from Mexico following a prior removal from this country, without express permission from the Attorney General to do so. In addition to an INS officer's testimony that he personally witnessed Rios–Cruz crossing the border back into Mexico, the fingerprint and photograph on the warrant of removal showed that Rios–Cruz had indeed been deported once before. To prove that Rios–Cruz did not obtain permission to reenter, another government witness testified that there was no record that such consent was sought or granted.

■ Finally, Rios–Cruz argues that the district court clearly erred in failing to reduce his offense level pursuant to U.S.S.G. § 3E1.1(a) because he appeared to admit following his capture that he had committed the crime. The district court found, however, that Rios–Cruz failed to demonstrate any contrition, a necessary prerequisite to receiving a downward adjustment under § 3E1.1(a). *United States v. Piper*, 918 F.2d 839, 841 (9th Cir.1990) (per curiam). Our review of the record reveals that such a finding was not clearly erroneous. Although a defendant may proceed to trial and still be eligible for consideration of acceptance of responsibility, Rios–Cruz said that he went to trial because it was "worth the risk" and he was dissatisfied with the terms of the plea agreement. These statements undermined Rios–Cruz's claim of contrition and acceptance of responsibility.

**AFFIRMED.**

---

** The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.