**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael Brian STOUT,**
**Defendant–Appellant.**

No. 90–50483.

United States Court of Appeals,
Ninth Circuit.

Submitted April 2, 1991.*

Decided June 17, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

David J. Cohen, Federal Defenders of San Diego, San Diego, Cal., for defendant-appellant.

Mary A. Schneider, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before NORRIS, HALL and TROTT, Circuit Judges.

NORRIS, Circuit Judge:

Appellant appeals the calculation of his sentence under the guidelines. He argues that the district court erred in denying him a two-point reduction for acceptance of responsibility and in enhancing his offense level by two points for obstruction of justice.

I

The district court denied the reduction for acceptance of responsibility because it found that appellant had perjured himself during trial on a related charge. Appellant contends that the district court's consideration of his perjury was improper under *United States v. Piper*, 918 F.2d 839 (9th Cir.1990), because it did not concern the crime to which he ultimately pled guilty. *Piper* held that a reduction for acceptance of responsibility should not be denied solely upon the ground that a defendant failed to confess to other crimes of which he was accused.

Under the facts here, the district court's consideration of the fact that appellant perjured himself at trial was not improper. Appellant was originally indicted for possession of counterfeit currency with intent to defraud under 18 U.S.C. § 472, based in part on an attempt to pass a counterfeit bill at a K–Mart store. Appellant testified at trial that he did not know the bill he attempted to pass at K–Mart was counterfeit until he was arrested. The jury failed to reach a verdict as to whether or not appellant knew the bill was counterfeit. After the trial, appellant pled guilty to a superseding information charging knowing possession of counterfeit currency in violation of 18 U.S.C. § 474 for retaining possession of a second counterfeit bill instead of turning it over to authorities. This charge was based on the fact that after appellant was arrested for attempting to pass the first bill at K–Mart, he feigned illness at the police station so he could go to the bathroom and then tried to flush a second counterfeit bill down the toilet. At sentencing for the § 474 conviction, the district court ruled that appellant was ineligible to receive the reduction for acceptance of responsibility because he had perjured himself in testifying in the prior § 472 trial that he did not know the bill was counterfeit before he tried to pass it.

■ In order to merit a reduction for acceptance of responsibility, a defendant must fully acknowledge responsibility for each element of his offense. Because knowing possession of a counterfeit bill is an element of both § 472 and § 474, it was relevant to appellant's acceptance of responsibility for the crime of conviction that he had not admitted that he knew the bill he flushed down the toilet was counterfeit even before the K–Mart transaction.[1] The

---

1. Appellant does not challenge the district court's factual finding that he lied on the stand.

district court's ruling is consistent with *Piper*'s holding that evidence of criminal activity "may be used to cast doubt on a defendant's sincere acceptance of responsibility *for the offense of conviction*," as long as a defendant is not required to admit "other criminal conduct." *Piper*, 918 F.2d at 841. Appellant here was not required to admit to "other criminal conduct," *e.g.*, unrelated crimes of perjury. Rather, he was required to admit specific facts that tended to prove the mens rea element of the "offense of conviction," *i.e.*, that he knew the bill he attempted to flush down the toilet was counterfeit even before the K–Mart transaction.

## II

Appellant also contends that the district court erred in enhancing his sentence for obstruction of justice. The district court justified the enhancement on two alternative grounds: 1) appellant's perjury during his first trial, and 2) appellant's attempt to flush the second counterfeit bill down the toilet.

As to the first ground, appellant argues that his perjury in the first trial, which ended in a mistrial, was not relevant to his sentence for his subsequent plea to a lesser offense. Appellant relies on the obstruction of justice guideline provision's requirement that the acts of obstruction occur during the prosecution of "the instant offense." U.S.S.G. § 3C1.1. Appellant contends that only the offense to which he pled guilty is "the instant offense" within the meaning of § 3C1.1, so his perjury during the prior trial occurred during a separate prosecution for a separate offense and may not be considered to enhance his sentence. We disagree. The mere fact that, after a mistrial, appellant pled guilty to a less serious offense based on the same criminal conduct does not make the plea bargain into a separate prosecution. As we said in Part I, *supra*, the relevant element of guilty knowledge was at issue in both charges and appellant's perjury obstructed the government's attempt to prove that guilty knowledge.

Appellant takes issue with the district court's alternative ground for the enhancement and argues that his attempt to flush the second bill down the toilet was not willful obstruction of justice, as required by § 3C1.1, because it was an act of panic. *See United States v. Garcia*, 909 F.2d 389, 392 (9th Cir.1990). We hold that the district court's sentencing finding that appellant's action was willful is not clearly erroneous. *See United States v. Rodriquez–Macias*, 914 F.2d 1204, 1205 (9th Cir. 1990). The evidence supports a finding that he did not act in panic. A substantial period of time had passed after appellant was initially apprehended and before he attempted to destroy the bill. Moreover, appellant had his wits about him to develop the plan of feigning illness so he could go to the bathroom to flush the bill down the toilet.

The sentence is AFFIRMED.