19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oleg Alex TREPETIN, Defendant-Appellant.
 No. 93-10506.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oleg Alex Trepetin pleaded guilty to conspiracy to defraud the government under 18 U.S.C. Sec. 286. The district court sentenced Trepetin to 37 months after increasing his base offense level by two levels under U.S.S.G. Sec. 3C1.1 for his attempted obstruction of the government's investigation. Trepetin challenges this adjustment. We affirm.
 
 
 3
 While in federal prison, Trepetin plotted with two codefendants, Porcalla and Eppel, to falsely obtain tax refunds. Investigative agents learned of the scheme, interviewed the codefendants and searched their home. The agents seized numerous documents relating to the plan. They then interviewed Trepetin, who denied knowledge of the scheme. They also seized documents from him.
 
 
 4
 Within hours of Trepetin's encounter with the agents, he called Porcalla and asked him to destroy evidence of the scheme. Trepetin alleges that his request was the product of instinct, not will, precluding the U.S.S.G. Sec. 3C1.1 enhancement.
 
 
 5
 Section 3C1.1 authorizes a two level increase in the base offense level if a defendant "willfully ... attempted to obstruct or impede the administration of justice during the investigation." Factual determinations made in the application of this section are reviewed for clear error. United States v. Acuna, 9 F.3d 1442, 1444 (9th Cir.1993). We review de novo the legal conclusion that Trepetin's conduct constituted an obstruction of justice within the meaning of section 3C1.1. Id.
 
 
 6
 The district court did not clearly err in its factual determinations. At sentencing, Trepetin acknowledged his admission to the probation officer that he told Porcalla to destroy evidence. The court adopted the findings of the presentence report which indicate that Trepetin contacted his codefendant hours after the investigators left the prison.
 
 
 7
 Trepetin's conduct is a classic case of attempted obstruction of justice under U.S.S.G. Sec. 3C1.1, comment. (n. 3(d)) (listing "directing or procuring another person to destroy or conceal evidence material to an official investigation" as conduct which warrants the enhancement). Trepetin cannot successfully place the telephone call within note 3(d)'s exception for incidents which occur contemporaneously with arrest. The exception merely recognizes that certain actions generally do not manifest the necessary mens rea of willfulness. See United States v. Gardner, 988 F.2d 82, 83 (9th Cir.1993).
 
 
 8
 Trepetin was not under arrest when he telephoned Porcalla. The time elapsing between the agents' visit and Trepetin's call reveals that he acted deliberately. He does not suggest that he acted in a panic. See United States v. Stout, 936 F.2d 433, 435 (9th Cir.1991). He willfully attempted to impede the investigation. The district court correctly applied the U.S.S.G. Sec. 3C1.1 enhancement.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3