124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arnold MARTIN, Defendant-Appellant.
 No. 96-56545.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-96-00810-LEW and CR-92-00613-LEW; Laughlin E. Waters, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arnold Martin, a federal prisoner, appeals pro se the district court's denial of his motion under 28 U.S.C. § 2255 challenging his conviction and 121-month sentence following a jury trial for conspiring to distribute cocaine and cocaine base (21 U.S.C. § 846) and distributing rock cocaine (21 U.S.C. § 841(a)(1)). Martin contends that he received ineffective assistance of counsel at sentencing. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, see McMullen v. United States, 98 F.3d 1155, 1156 (9th Cir.1996), cert. denied, 117 S.Ct. 2444 (1997), and affirm.
 
 
 3
 To establish ineffective assistance of counsel, a defendant must prove that: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); McMullen, 98 F.3d at 1157-58. If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See Strickland, 466 U.S. at 697.
 
 
 4
 Martin contends that counsel was ineffective for not arguing at sentencing that the applicable drug quantity under U.S.S.G. § 2D1.l(a) was 139.7 grams of cocaine base rather than 252 grams because he was convicted of distributing only 139.7 grams. This contention lacks merit because Martin was also found guilty on Count 1 of conspiracy to distribute 252 grams.
 
 
 5
 Martin also contends that his attorney should have argued for a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. This contention lacks merit.
 
 
 6
 A defendant must acknowledge responsibility for each element of his offense in order to qualify for a reduction for acceptance of responsibility. See United States v. Stout, 936 F.2d 433, 434 (9th Cir.1991). Martin testified at trial that he lacked the knowledge that he was distributing drugs. Because knowledge is an essential element of both crimes of conviction, see United States v. Hegwood, 977 F.2d 492, 497-98 (9th Cir.1992) (conspiracy); United States v. Pitts, 908 F.2d 458, 461 (9th Cir.1990) (section 841(a)(1)), counsel was not ineffective for failing to argue that Martin was entitled to the acceptance of responsibility reduction. See Strickland, 466 U.S. at 697.[1]
 
 
 7
 Martin next contends that counsel was ineffective for not arguing that Martin was a minimal participant entitled to a four-level reduction under U.S.S.G. § 3B1.2(a) rather than a minor participant. This contention lacks merit.
 
 
 8
 A downward adjustment for a minimal participant under section 3B1.2 is to be used infrequently and only in exceptional circumstances. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). "[W]e have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction" under section 3B1.2. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). Here, Martin was found guilty of knowingly possessing 252 grams of cocaine base and conspiring to distribute the drug. Accordingly, counsel was not ineffective for failing to argue that Martin was a minimal participant. See Strickland, 466 U.S. at 697.
 
 
 9
 Martin finally contends that counsel was ineffective for not arguing on remand that Martin was entitled to retroactive application of the safety valve provision (U.S.S.G. § 5C1.2) to reduce his base offense level by two points under U.S.S.G. § 2D1.L(b)(4). Because Martin did not raise this ineffective assistance of counsel claim in his section 2255 motion, we do not consider it here. See Sanchez, 50 F.3d at 1456.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, petitioner's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Martin also contends that counsel was ineffective for failing to argue at sentencing that Martin's decision to go to trial was an improper basis for denying the acceptance of responsibility reduction. While Martin waived this issue by failing to raise it in his section 2255 motion, see Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir.1995), our holding that counsel was not ineffective for failing to argue that Martin was entitled to the reduction renders the contention meritless