**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Maria De JESUS–ALCANTARA,**
**Defendant—Appellant.**

No. 02–50378.

D.C. No. CR–01–00787–NM–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Oct. 14, 2003.

---

*This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before WALLACE, RYMER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Maria De Jesus–Alcantara appeals her conviction following a jury trial and sentence of 121 months for possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). De Jesus–Alcantara argues that the district court erred by allowing certain expert testimony and by not granting a two-point downward departure for acceptance of responsibility. She also claims that her trial counsel was ineffec-

** This disposition is not appropriate for publication and may not be cited to or by the

tive. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court on the evidentiary and sentencing issues. We decline to reach the ineffective assistance of counsel claim on this direct appeal.

I

■ Contrary to De Jesus–Alcantara's argument, the district court's ruling on her motion in limine indicated that the government could offer "unknowing courier" testimony. This was not error, as a qualified agent may express an opinion that the amount of cocaine carried would not be entrusted to an unknowing person. *See, e.g., United States v. Murillo*, 255 F.3d 1169, 1176–78 (9th Cir.2001). Although Agent Marzullo mentioned in passing that Los Angeles was a source city and that cocaine comes in across the border, this was by way of explanation for why the street value was higher in Alaska than in Los Angeles; he did not impermissibly opine on the general structure and operation of drug trafficking organizations. *Cf. United States v. Vallejo*, 237 F.3d 1008, 1012 (9th Cir.2001).

II

■ The district court did not plainly err by failing to adjust De Jesus–Alcantara's sentence downward for acceptance of responsibility. De Jesus–Alcantara did not ask for an adjustment, she did not acknowledge responsibility for each element of her offense, *see United States v. Stout*, 936 F.2d 433, 434 (9th Cir.1991), and she did not admit what she had done when arrested, *cf. United States v. Mohrbacher* 182 F.3d 1041, 1052 (9th Cir.1999.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## III

We decline to consider whether De Jesus–Alcantara's counsel was ineffective because the record is insufficiently developed. "Ineffective assistance of counsel arguments are ordinarily inappropriate for direct review and should be brought in habeas corpus proceedings pursuant to 28 U.S.C. § 2255." *United States v. Reyes–Platero*, 224 F.3d 1112, 1116 (9th Cir.2000).

AFFIRMED.