# FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 08-30386 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:04-CR-02010-FVS-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| JOSE ENCARNACION P. BARRIOS, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted November 3, 2009[**]
Seattle, Washington

Before:    FERNANDEZ, KLEINFELD, and CLIFTON, Circuit Judges.

Jose Encarnacion P. Barrios appeals his sentence for misprision of felony.

18 U.S.C. § 4.  We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Primarily, Barrios asserts that the district court erred when it upwardly adjusted his offense score by two levels for obstruction of justice. See USSG §3C1.1.[1] We disagree. Had the upward adjustment been imposed for the misprision offense he committed during the period from June 19, 2003, to November 4, 2003,[2] it might have been improper,[3] but it was properly imposed for his absconding after his release to pretrial supervision following his arraignment on the original indictment.[4] The district court did not err.[5]

Because the district court properly applied the adjustment for obstruction of justice, and Barrios failed to show (or even argue) that this is an extraordinary case

---

[1]All references to the Sentencing Guidelines are to the version effective as of November 1, 2007.

[2]Specifically, the plea agreement provided that the date of the offense was July 29, 2003.

[3]See USSG §3C1.1, comment. (n.7).

[4]See USSG §§3C1.1, comment. (n.4(e)) & 1B1.1, comment. (n.1(H)); United States v. Shetty, 130 F.3d 1324, 1334–35 (9th Cir. 1997); United States v. Draper, 996 F.2d 982, 986–87 (9th Cir. 1993); United States v. Stout, 936 F.2d 433, 435 (9th Cir. 1991).

[5]See United States v. Cruz-Gramajo, 570 F.3d 1162, 1167 (9th Cir. 2009). We note that even if the district court had erred, it made it perfectly clear that under either interpretation of the Guidelines, the sentence would have remained exactly the same. Thus, any error was harmless. See Williams v. United States, 503 U.S. 193, 202–03, 112 S. Ct. 1112, 1120–21, 117 L. Ed. 2d 341 (1992); United States v. Cantrell, 433 F.3d 1269, 1280 & n.4 (9th Cir. 2006).

which demands a different conclusion, the district court did not err when it denied

an adjustment for acceptance of responsibility.  See USSG §3E1.1 & comment.

(n.4–5); United States v. Thompson, 80 F.3d 368, 371 (9th Cir. 1996).[6]  Thus, we

affirm.[7]

AFFIRMED, but REMANDED for correction of judgment.

---

[6]Again, if there were error, it was necessarily harmless.  See supra n.5.

[7]However, we remand so that the district court can amend the Judgment of October 3, 2008, to show that Barrios' criminal history category is I, as stated in the court's oral pronouncement of sentence, instead of II.  See United States v. Hicks, 997 F.2d 594, 597 (9th Cir. 1993); see also United States v. Stoterau, 524 F.3d 988, 1003 & n.6 (9th Cir. 2008).