114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn D. ALLEN, Defendant-Appellant.
 No. 96-30050.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1997.
Decided May 29, 1997.
 
 Before: CANBY and TASHIMA, Circuit Judges, and SILVER,* District Judge.
 MEMORANDUM**
 I.
 Shawn D. Allen pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Allen now appeals his sentence on the grounds that the district court erred by not granting a three-point adjustment for acceptance of responsibility and by not notifying him prior to sentencing that the court intended to deny him the acceptance of responsibility adjustment recommended in the presentence report. Allen also seeks to be resentenced by a different judge. We vacate Allen's sentence and remand for resentencing before a different judge.
 II.
 On August 16, 1995, Allen was indicted for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Allen pleaded guilty to that single offense in exchange for a recommendation by the Government to the court that he be sentenced to the low-end of the applicable guideline range.
 On November 24, 1995, the U.S. Probation Office submitted a revised presentence report. The report revealed that on February 8, 1990, Allen had been arrested by the Tacoma Police Department for first-degree murder, but never charged for that offense. The report calculated the total offense level at 25. Starting with a base offense level of 24 because of two prior felony convictions of either a crime of violence or a controlled substance offense, U.S.S.G. § 2K2.1(1)(2), the report added four levels for the use or possession of a firearm or ammunition in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(5) and subtracted three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b)(2). The report set Allen's criminal history category at "VI." Under these calculations, the applicable sentencing guideline range was deemed to be 110 to 137 months.
 In response to the presentence report, Allen objected to any references in the presentence report to unsubstantiated allegations of a murder for which he was never charged. Further, Allen argued that under U.S.S.G. § 2K2.1(a)(4) his base offense level should be 20 instead of 24 because he had only one prior felony conviction of either a crime of violence or a controlled substance offense. Allen also argued that he was entitled to a three-point reduction for acceptance of responsibility.
 The Probation Officer's Supplemental Addendum and Recommendation to the Presentence Report agreed with Allen's objections, in part. In that supplement, the Probation Officer agreed that the unlawful possession of an imitation controlled substance with intent to deliver was not a "controlled substance offense" under § 2K2.1(a). She therefore reduced her recommended sentencing range to 77 to 96 months (based on offense level 21, criminal history category VI).
 Although Allen's sentencing hearing was scheduled for December 1, 1995, the district court continued it because the court did not have sufficient information on which to sentence Allen. In addition, the district court asked the United States Attorney's Office to consider whether Allen violated the civil rights of the murder victim described in the presentence report. In response, Allen's counsel once again objected to the murder allegations contained in the presentence report. Allen's counsel noted that Allen was never charged with committing murder.
 On January 24, 1996, Allen's sentencing hearing recommenced. The district court made an explicit finding that Allen used the same .25 caliber handgun, which served as the basis for his conviction for being a felon in possession of a firearm, in committing another felony offense. The district court indicated that the four-level upward adjustment under U.S.S.G. § 2K2.1(b)(5) should apply to this case. Moreover, the district court rejected the presentence report's recommendation in favor of a downward adjustment for acceptance of responsibility. The district court explained the basis for denying the acceptance of responsibility reduction as follows:
 So that puts him then at a 21, absent the credit for responsibility, because I don't think he has, responsibility includes that weapon and the assault on Mr. Clark, which he denies. So he is at a 24.
 The district court later added:
 [Allen] did not accept responsibility for the assault on Mr. Clark on that same day with that same weapon. In the Court's opinion, he did not, in accordance with the guidelines if I understand them, he did not accept responsibility. That is why I am not giving it to him.
 Allen's counsel objected to the refusal to allow an acceptance of responsibility adjustment arguing, "I think that Mr. Allen did accept full responsibility for the crime for which he was charged and convicted, which was possession of a firearm by a convicted felon."
 Further, the following colloquy took place between the district court and Allen's counsel prior to sentencing:
 THE COURT: I think I should tell you, Mr. Avenia, I have, at my request, received copies of police reports concerning your client, specifically the report of 12-30-89 by the Tacoma Police Department who were investigating a homicide at 18th and L Street in Tacoma, Washington.
 In reading that report, there is no question in this Court's mind that your defendant, your client, is guilty of murder.
 Now, I have looked at that and I have wrestled with that. Even though he was originally charged with murder, for whatever reason the Pierce County prosecutors and/or the Tacoma Police Department decided not to prosecute. I think they are wrong. The defendant should have been prosecuted for murder. There was an eyewitness that saw him shoot the young lady in the car. As far as this Court is concerned, it was murder.
 But he's not charged with that offense, so under the guidelines I can't consider that. But I just thought I should tell you about it, because it's in the presentence report.
 MR. AVENIA: Can I respond to that?
 THE COURT: And the sentence that the Court proposes to give to the defendant will not reflect that homicide, period.
 Based on a total offense level of 24, a criminal history category of "VI," and a sentencing range of 100 to 125 months, the district court sentenced Allen to the statutory maximum of 120 months of incarceration, three years of supervised release, and a special assessment of $50. The district court's calculation of the total offense level included a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) and excluded a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Apparently, the district court concurred with Allen's objection that his base offense level should total only 20 instead of 24 because he had only one felony conviction for either a violent crime or a controlled substance offense. Immediately after the judge had imposed Allen's sentence, he stated:
 It's inevitable to this Court if he isn't taken out of action, out of the community for a long, long time, he is going to get killed or he is going to get members of his family killed, or someone else. He has to be stopped. There's no question in this Court's mind about it. So he has to be taken out of action, commencing today, for ten years, 120 months.
 In addition, the district court stated after sentencing, "I would also recommend to the United States Attorney that they contact the Pierce County Prosecutor's Office and tell them this Court's opinion that this defendant should have been prosecuted for murder."
 III.
 Section 3E1.1 provides for a two-level reduction in sentence if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). A defendant can obtain an additional one-level reduction by "timely notifying authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b)(2). The defendant has the burden of proving acceptance of responsibility. United States v. Innie, 7 F.3d 840, 848 (9th Cir.1993), cert. denied, 511 U.S. 1042 (1994). The party with the burden of proving an entitlement to a reduction in offense level must meet the preponderance of the evidence standard. United States v. Palmer, 946 F.2d 97, 100 (9th Cir.1991). A decision by a district court on whether a defendant has accepted responsibility is largely a factual question which will be reversed on appeal only if clearly erroneous. United States v. Flores, 93 F.3d 587, 590 (9th Cir.1996); Innie, 7 F.3d at 847-48. The sentencing judge's determination of acceptance of responsibility is entitled to "great deference" on review. Application Note 5 of U.S.S.G. § 3E1.1. The district court's determination regarding acceptance of responsibility will not be displaced unless it is without foundation. Innie, 7 F.3d at 848.
 Application Note 1 of U.S.S.G. § 3E1.1 lists a number of nonexhaustive "appropriate considerations" to help determine whether a defendant qualifies for the acceptance of responsibility reduction. The first listed consideration pertains to truthful admissions of the defendant's conduct:
 (a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.
 U.S.S.G. § 3E1.1 Application Note 1(a).
 The only reason mentioned by the district court for the refusal to allow a reduction for acceptance of responsibility was that Allen had denied responsibility for the uncharged allegation of assault, which was deemed by the court to be relevant conduct for which Allen was accountable. To the extent that the district court meant that Allen had falsely denied responsibility for uncharged relevant conduct within the meaning of Application Note 1 of U.S.S.G. § 3E1.1 by challenging the evidence set forth by the Government at his sentencing hearing, we reject that proposition as clearly erroneous for several reasons.
 First, the law of this circuit is that defendants are entitled to challenge evidence of uncharged relevant conduct at sentencing without losing their ability to seek the acceptance of responsibility adjustment. To illustrate, in United States v. Piper, 918 F.2d 839, 840 (9th Cir.1990) (per curiam), we held that conditioning an acceptance of responsibility reduction upon the defendant's admission of conduct for which he had not been convicted could violate his Fifth Amendment rights. We stated in Piper that a defendant may be entitled to the acceptance of responsibility reduction "without being required to confess to unproved, uncharged conduct." Id. Moreover, we stated that "a defendant may controvert evidence of other criminal conduct at sentencing without thereby losing the reduction for acceptance of responsibility." Id. at 841. The district court's assumption that a defendant may not successfully pursue an acceptance of responsibility reduction while challenging an upward adjustment is totally inconsistent with our recognition in Piper that a defendant may contest evidence of uncharged relevant conduct at sentencing without losing the acceptance of responsibility reduction.
 Second, the district court's basis for denying the acceptance of responsibility adjustment is flawed in that it essentially penalizes Allen for contesting the evidence of uncharged criminal conduct marshaled against him for enhancement purposes. Under the district court's construction of the Guidelines, a defendant who makes a good faith effort to challenge evidence of uncharged relevant conduct would be penalized and automatically lose any entitlement to the acceptance of responsibility adjustment. Defendants clearly are entitled to object to facts set forth within and outside of presentence reports. United States v. Notrangelo, 909 F.2d 363, 365-66 (9th Cir.1990); see also United States v. Guerra, 888 F.2d 247, 251 (2d Cir.1989) (stating that a defendant must be afforded some opportunity to contest factors that might enhance the sentence and to offer evidence in support of factors that might warrant a reduced sentence), cert. denied, 494 U.S. 1090 (1990). Indeed, U.S.S.G. § 6A1.3(a) states that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." The district court's interpretation of the Guidelines would force all defendants accused of uncharged relevant conduct that might subject them to an upward adjustment to waive either their challenges to potential enhancements or their ability to seek an acceptance of responsibility reduction. Forcing litigants to waive any opposition to evidence proffered at the sentencing hearing by the opposing party appears to conflict with the basic sentencing principle that information that is relevant to sentencing needs to have "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).
 Third, the leading Ninth Circuit decision on false denials does not support the district court's interpretation of what constitutes a false denial. In United States v. Rutledge, 28 F.3d 998 (9th Cir.1994), cert. denied, 115 S.Ct. 1161 (1995), we affirmed the district court's denial of the acceptance of responsibility reduction because the district court had correctly found that the defendant, who had testified at his own sentencing hearing, had falsely denied committing uncharged related conduct. Id. at 1003. Testimony was elicited there regarding the uncharged relevant conduct because, like the instant case, a four-level enhancement for specific offense characteristics, U.S.S.G. § 2K2.1(b)(5), was at issue. Rutledge, 28 F.3d at 1001-02. Rutledge is significant because we construed the defendant's false testimony at the sentencing hearing regarding uncharged relevant conduct as constituting a false denial within the meaning of Application Note 1 of § 3E1.1. United States v. Vance, 62 F.3d 1152, 1160 (9th Cir.1996) ("If the defendant lies about the offense conduct or 'relevant' conduct, the lies are evidence which the district court can weigh against acceptance of responsibility."). It is implicit in Rutledge that in order to demonstrate a false denial of uncharged relevant conduct, the defendant's own false testimony or statements either at trial, sentencing, or at some other stage of the proceedings are necessary.
 Rutledge is also significant because we approved of the approach in United States v. Olea, 987 F.2d 874, 878 (1st Cir.1993), that a false denial must entail the "giving of materially false information." Rutledge, 28 F.3d at 1002. Here, neither the district court found nor did the Government argue that Allen gave materially false information to the district court. In essence, all that Allen was accused of by the court was contesting the evidence proffered by the Government at the sentencing hearing. Hence, we find that Allen did not furnish a false denial because there is no basis to conclude that his exercise of his right to challenge or contest evidence of relevant conduct constituted a false denial within the meaning of Application Note 1 of § 3E1.1. Therefore, there is no foundation upon which the district court's decision to deny the reduction can rest. Accordingly, because we conclude that the finding on which the denial of the acceptance of responsibility adjustment was based was clearly erroneous because it was without foundation, Innie, 7 F.3d at 848, a remand for resentencing is necessary.
 Although Allen seeks a remand with directions that he be granted a three-level reduction for acceptance of responsibility, Allen's request must be rejected as premature. The district court's lack of foundation for denying the acceptance of responsibility reduction does not mean that Allen has met the burden of showing that he is entitled to the extra adjustment. Indeed, the district court made no findings regarding Allen's level of contrition or degree of remorse for his charged conduct. Contrition by the defendant is mandatory in this circuit. See, e.g., Piper, 918 F.2d at 841 ("a defendant must show contrition for the crime of which he was convicted"); United States v. Skillman, 922 F.2d 1370, 1378 (9th Cir.1990) ("The intent of the Guidelines is to give credit to the defendant who manifests sincere contrition."), cert. dismissed, 502 U.S. 922 (1991). Because the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," Application Note 5 of § 3E1.1, and because the district court is in a vastly superior position to assess the defendant's contrition, this case will be remanded without a direction to grant the requested adjustment.
 IV.
 Allen also contends that he is entitled to a new sentencing hearing because the district court denied the acceptance of responsibility reduction without providing him with prior notice. Because we have determined that resentencing is appropriate on other grounds, we need not reach this issue.
 V.
 Allen seeks resentencing before a different judge because the district court allegedly was deeply affected by the claim that Allen committed murder. Our inherent authority to order a case reassigned is clear. Brown v. Baden, 815 F.2d 575, 576 (9th Cir.), cert. denied, 484 U.S. 963 (1987). Unusual circumstances are necessary for a reassignment of sentencing to occur. United States v. Sharp, 941 F.2d 811, 817 (9th Cir.1991). We have set forth three factors to determine whether to reassign a case to another judge:
 (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected.
 (2) whether reassignment is advisable to preserve the appearance of justice, and
 (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.
 United States v. Jacobs, 855 F.2d 652, 656 (9th Cir.1988).
 In the instant case, the district court repeatedly mentioned before and after Allen's sentence was imposed that it was entirely convinced that Allen had committed murder and should have been prosecuted for it. Although the district court explicitly stated that the sentence imposed would not reflect any reliance upon the murder allegations, the totality of the circumstances indicate that the district court's strongly-held belief that Allen committed murder may have influenced his decision to impose the statutory-maximum sentence on Allen. In particular, the district court's post-sentence remark that unless Allen was removed from the community for a long time, he would inevitably kill somebody, strongly suggests that the murder allegations influenced the district court's imposition of sentence. The district court's statements, manifesting the firmly-held belief that Allen is a murderer, indicate that the court might have substantial difficulty in completely disregarding this previously-expressed view in resentencing Allen. At the very least, reassignment is appropriate to preserve the appearance of justice given the unusual circumstances surrounding Allen's sentencing in this case. Thus, though reassignment might entail some waste of effort, the benefits that will accrue from the reassignment with respect to the appearance of justice far outweigh the detriments of such reassignment.
 
 VI.
 
 1
 Allen's sentence is VACATED and the matter is REMANDED to the Chief Judge of the United States District Court for the Western District of Washington for reassignment to another district judge for the limited purpose of resentencing Allen after determining whether or not a three-level reduction for acceptance of responsibility should be applied to his offense level.
 
 
 
 *
 The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3