NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0727n.06

No. 12-4072

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Aug 06, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff-Appellee,                      )
                                             )
v.                                           )
                                             )    ON APPEAL FROM THE
NORMAN CONNER,                               )    UNITED STATES DISTRICT
                                             )    COURT FOR THE NORTHERN
    Defendant-Appellant.                     )    DISTRICT OF OHIO
                                             )

BEFORE:  GIBBONS and WHITE, Circuit Judges; GREER, District Judge.[*]

PER CURIAM.  Norman Conner appeals the district court's denial of a sentencing reduction for acceptance of responsibility.  We affirm Conner's sentence.

On February 5, 2011, Conner was a passenger in a vehicle that was stopped by police for a traffic violation.  When the officers opened the passenger-side door of the vehicle they saw that Conner had a gun.  A struggle ensued, and the gun went off twice.  The shots hit and injured the driver of the vehicle.

Conner pleaded guilty without a plea agreement to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  Conner's Presentence Investigation Report (PSR) provided for two enhancements of his base-offense level of 20:  (1) a 4-level increase pursuant to U.S.S.G.

_____

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

§ 2K2.1(b)(6)(B) for using the firearm in connection with another felony offense, threatening the life

of a law enforcement officer and discharging the firearm, and (2) a 6-level increase pursuant to

U.S.S.G. § 3A1.2(c)(1) for assaulting a law enforcement officer during the course of the offense or

immediate flight therefrom. The PSR did not calculate a reduction in Conner's base-offense level

for acceptance of responsibility under U.S.S.G. § 3E1.1 because in Conner's statement to the

probation officer, he denied that he fired the weapon, a 9-millimeter semiautomatic pistol, and stated

that "the police officer fired his[1] weapon at him, missed, and shot" Conner's companion. (*Id.*). The

PSR calculated Conner's total offense level of 30 and criminal history category of III, which

corresponded to a guidelines range of 121 to 151 months' imprisonment, exceeding the statutory

maximum of 120 months. (*Id.* at 19). *See* 18 U.S.C. § 924(a)(2).

At sentencing, Conner objected to the enhancements of his base-offense level and asserted

that he was entitled to a reduction for acceptance of responsibility. Two police officers who were

present at the scene testified that Conner fired his weapon twice during the struggle to disarm him

and repeatedly threatened to kill them. Law enforcement recovered two 9-millimeter shell casings

from the scene, one of which was confirmed to have been fired from Conner's pistol. The police

officers testified that they carried .40 caliber weapons and that no officer fired a weapon during the

incident.

Conner's counsel acknowledged that Conner violated the felon-in-possession statute.

However, defense counsel asserted that the pistol went off inadvertently when an officer grabbed

---

[1]It is not clear from the PSR whether Conner asserted that the officer fired *Conner's* gun or the *officer's* gun.

Conner's hands, and that the shooting was not a "knowing act." Defense counsel also pointed out that only one of the shell casings recovered from the scene could be matched to Conner's gun.

Overruling Conner's objections, the district court upheld both enhancements and denied a reduction for acceptance of responsibility, finding that "the defendant's version of events simply does not hold water when all the evidence and testimony is viewed together. Clearly defendant's gun was discharged twice during a struggle with the officers . . . [and] that the defendant further has falsely denied relevant conduct. That is inconsistent with an acceptance of responsibility under section 3E1.1." Considering the sentencing factors under 18 U.S.C. § 3553(a), the court varied downward to the guidelines range for an offense level of 28 and sentenced Conner to the bottom of that range—97 months of imprisonment.

Conner challenges the district court's denial of a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1(a) provides for a two-level decrease in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5); *see United States v. Webb*, 335 F.3d 534, 538 (6th Cir. 2003). We review that determination for clear error. *United States v. Theunick*, 651 F.3d 578, 588 (6th Cir. 2011).

In determining whether a defendant has accepted responsibility, the district court may consider whether the defendant truthfully admits or does not falsely deny "any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1, comment. (n.1(A)). Although "a defendant is not required to volunteer, or affirmatively

admit, relevant conduct beyond the offense of conviction in order to obtain a reduction . . . , a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id*. All "acts and omissions" qualify as relevant conduct if they were "committed . . . during the commission of the offense of conviction . . . or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a) & comment background. A defendant must demonstrate his acceptance of responsibility by a preponderance of the evidence. *United States v. Bacon*, 617 F.3d 452, 458 (6th Cir. 2010).

Conner contends that the district court impermissibly penalized him for exercising his right to challenge the government's proof at sentencing. We rejected this same argument in *United States v. Lay*, 583 F.3d 436 (6th Cir. 2009):

> Lay argues that upholding his sentence will put defendants in an impossible position of being unable to contest improper sentencing enhancements without jeopardizing credit for acceptance of responsibility. But this argument ignores the court-found facts of this case. The district court did not find Lay to be fully forthright or to have admitted all relevant conduct. Had the court made such findings, and also denied credit for acceptance of responsibility, a quite different case might be presented. There is no reason to assume that in some other case a defendant . . . would not be able to present evidence . . . without jeopardizing credit for acceptance of responsibility.
>
> Certainly, the position of a defendant who must testify in order to contest an improper enhancement requires the treading of a fine line. But the solution to that dilemma is to testify honestly, without falsely denying relevant conduct.

*Id*. at 449 (citation omitted). After reviewing the evidence presented at sentencing, the district court made the factual finding that the discharge of the firearm was not accidental. Based on this conclusion, the district court was within its discretion in determining that Conner's denial of related

relevant conduct outweighed his decision to admit to possessing the firearm, and thus a reduction for acceptance of responsibility was unwarranted. *See United States v. Keys*, 359 F. App'x 585, 587–89 (6th Cir. 2009); U.S.S.G. § 3E1.1, comment. (n.3) ("A defendant who enters a guilty plea is not entitled to an adjustment . . . as a matter of right."). As we stated in *Keys*, "[w]ithout the opportunity to observe [Conner's] demeanor and with only a transcript that sets forth competing accounts of the confrontation, we are in no position to second-guess the district court's ring-side accounting of what happened," namely, that Conner was lying about the encounter rather than truthfully asserting that he fired the gun intentionally. *Keys*, 359 F. App'x 585, 588 (6th Cir. 2009).

The unpublished Ninth Circuit decision upon which Conner relies, *United States v. Allen*, No. 96-30050, 1997 WL 289446 (9th Cir. May 29, 1997), is distinguishable because the district court did not make a finding that the defendant in that case provided materially-false information. *Id*. at *5. Here, the district court explicitly found that Conner had falsely denied relevant conduct, and that such a denial was inconsistent with an acceptance of responsibility reduction under U.S.S.G. § 3E1.1.

We can discern no clear error in the district court's determination that Conner falsely denied relevant conduct of discharging a firearm during the commission of a felony. Accordingly, we affirm the district court's denial of a reduction for acceptance of responsibility.