**DISH NETWORK, L.L.C., Petitioner**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

**No. 13–1182.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 22, 2014.

Steven A. Augustino, Barbara A. Miller, Kelley Drye & Warren LLP, Washington, DC, Catherine Mary Agnes Carroll, Samir C. Jain, Gerard Joseph Sinzdak, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, for Petitioner.

Laurence Nicholas Bourne, Jacob M. Lewis, Richard Kiser Welch, Federal Communications Commission (FCC) Office of General Counsel, Abby Christine Wright, Mark B. Stern, U.S. Department of Justice, Washington, DC, for Respondents.

Before: GARLAND, Chief Judge, ROGERS, Circuit Judge, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This petition for review of an order of the Federal Communications Commission (FCC) was presented to the court and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

ORDERED and ADJUDGED that the petition for review be dismissed.

DISH Network petitions for review of two paragraphs of an FCC Declaratory Ruling interpreting the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (TCPA). The TCPA regulates telemarketing practices, including prohibiting some types of robocalling and calls related to the do-not-call list. DISH and others petitioned the FCC to determine to what degree a seller is liable for TCPA violations committed by third parties that telemarket the seller's goods. In the Declaratory Ruling under review, the FCC found that a seller can indeed be held vicariously liable for such violations. Ruling ¶ 28. In particular, the FCC held that the principles of the federal common law of agency govern the determination of whether such a seller is liable for the actions of a telemarketer. *Id.* Finally, the FCC provided two paragraphs of "guidance" to courts regarding how the common law of agency might apply to such cases. *Id.* ¶¶ 46, 47. DISH seeks review solely of that "guidance," arguing that the FCC exceeded its authority and acted arbitrarily and capriciously in expressing how the common law of agency might apply in the telemarketing context.

This court has jurisdiction to review only "final orders" of the FCC pursuant to 47 U.S.C. § 402(a) and 28 U.S.C. §§ 2342(1) and 2344. An order is "final" if (1) it represents " 'the consummation of the agency's decisionmaking process,' and (2) 'rights or obligations have been determined' by the action or 'legal consequences will flow' from it." *Fox Television Stations, Inc. v. FCC,* 280 F.3d 1027, 1037 (D.C.Cir.2002) (quoting *Bennett v. Spear,* 520 U.S. 154, 178, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)). An agency action that merely expresses a legal view "that has force only to the extent the agency can

persuade a court to the same conclusion" fails the second prong of the test and is not final. *AT & T Co. v. EEOC,* 270 F.3d 973, 976 (D.C.Cir.2001); *see Am. Tort Reform Ass'n v. OSHA,* 738 F.3d 387, 394 (D.C.Cir.2013). The FCC agrees that the "guidance" in question has no binding effect on courts, that it is not entitled to deference under *Chevron U.S.A. Inc. v. NRDC, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and that "its force is dependent entirely on its power to persuade." FCC Br. 16; *see id.* at 19–20; Oral Arg. Recording at 21:17–56. This court therefore lacks jurisdiction to review that guidance.

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).